UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 04-278-KKC

DENNIS ADKINS,                                                                                           PLAINTIFF,

V.            **MAGISTRATE JUDGE'S REPORT**
              **AND RECOMMENDATION**

JO ANNE B. BARNHART,
Commissioner of Social Security,                                                          DEFENDANT.

## I.  INTRODUCTION

Plaintiff, Dennis Adkins, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability and disability insurance benefits.  This matter has been referred to the undersigned for preparation of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, it will be recommended that Plaintiff's motion for summary judgment be denied, Defendant's motion for summary judgment be granted and Judgment entered affirming the final decision of the Defendant Commissioner.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his application for disability insurance benefits on March 27, 2002 (Tr. 108-112), which was denied initially on May 20, 2002 (Tr. 87), and on reconsideration on June 26, 2002 (Tr. 88).[1] Plaintiff appeared before Administrative Law Judge James D. Kemper, Jr. (hereinafter "ALJ Kemper") on May 23, 2003, where Plaintiff, accompanied by an attorney, testified. (Tr. 395-441.) Leah Salyers, a vocational expert (hereinafter "VE"), also testified at the hearing. (Id.)

Plaintiff was forty-six (46) years old at the time of the hearing decision. (Tr. 396.) He completed the eleventh grade of high school. (Id.) His past relevant work experience consists of work as a machine operator in the coal mines. (Tr. 19.) The ALJ found that Plaintiff has not engaged in substantial gainful activity since November 21, 1994, the alleged onset date. (Tr. 26.)

On September 25, 2003, the ALJ issued his decision finding Plaintiff not disabled. (Tr. 18-27.) The ALJ determined that Plaintiff was unable to perform his past relevant work. (Tr. 26.) The ALJ concluded that Plaintiff had severe impairments consisting of chronic neck and back pain. (Tr. 22.) Nevertheless, the

---

[1] Plaintiff filed one previous application for disability insurance benefits on September 27, 1995, which was denied initially, upon reconsideration, and following an administrative hearing. (Tr. 18.) Plaintiff also filed two subsequent applications for Supplemental Security Income on October 30, 1998, and June 12, 2000, both of which were denied following administrative hearings. (Id.)

ALJ concluded that Plaintiff retained the residual functional capacity to perform a significant range of light work, as identified by the VE and within the framework of the Medical-Vocational Guidelines. (Tr. 26.) Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 2, 2004. (Tr. 6-9.) Plaintiff thereafter filed this action and the parties' motions for summary judgment (Record Nos. 4 and 5) are now ripe for review.

### III. ANALYSIS

#### A. General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence. 42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of Health & Human Servs., 945 F.2d 1365, 1368-1369 (6th Cir. 1991). "Substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely

because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6th Cir. 1999). The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm. Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Finally, "[t]he court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." Bradley v. Sec'y of Health & Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir. 1987)).

  B.  Plaintiff's Contentions on Appeal and Analysis

Plaintiff's sole claim of error is that the ALJ did not defer to the findings included in previous administrative decisions. (Record No. 4, Memorandum in Support, p. 3.) Plaintiff cites Drummond v. Comm'r of Soc. Sec., 126 F.3d 837, 842

4

(6th Cir. 1997) for the proposition that "[a]bsent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." (Id.) Plaintiff appears to argue that ALJ Kemper failed to observe the mandate of Drummond and erroneously discussed medical evidence already considered by a previous ALJ.[2] (Id.) Plaintiff further argues that the limitations imposed by the previous ALJ in the March 13, 2002, decision were appropriate and that ALJ Kemper should not have altered those restrictions in his current decision. (Id. at p. 6.)

In response, the Commissioner argues that ALJ Kemper relied upon new evidence compiled after the March 2002 decision to determine that Plaintiff's condition had improved. (Record No. 5, Memorandum in Support, p. 7.) The Commissioner contends that, upon making this determination, ALJ Kemper was no longer bound by the previous administrative decision and could calculate Plaintiff's residual functional capacity ("RFC") based upon the new evidence. (Id.) Finally, the Commissioner observes that ALJ Kemper's discussion of previous medical evidence was appropriate as he utilized that evidence to demonstrate improvement in Plaintiff's condition. (Id.)

---

[2] Plaintiff's argument(s) was difficult to discern from the Memorandum in Support filed with the Court. The Memorandum, less than four pages in length, was comprised primarily of large portions of the current and previous administrative decisions which were quoted verbatim. Plaintiff provided no context and little explanation of these quotations. Aside from the citation to Drummond, Plaintiff's incomplete argument gave very little guidance as to the basis of Plaintiff's objection.

Plaintiff's reliance upon <u>Drummond</u> is appropriate in this context where Plaintiff has been the subject of multiple administrative rulings. Indeed, the Social Security Administration issued Acquiescence Ruling 98-4(6) in response to the <u>Drummond</u> decision, which reads:

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period *unless there is new and material evidence relating to such finding* or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

63 FR 29771-01 (1998) (emphasis added). Thus, Plaintiff is correct in his primary assertion that the ALJ is generally bound by a previous administrative decision. (Record No. 4, p. 4.) However, Plaintiff fails to recognize the exception to this general rule in his Memorandum in Support.

ALJ Kemper softened the restrictions imposed by the previous ALJ's March 2002, administrative decision in five (5) ways: (1) Plaintiff is not required to alternate between sitting and standing positions at one-half to one-hour intervals; (2) Plaintiff is able to occasionally squat; (3) Plaintiff is able to work in environments containing dust and fumes; (4) Plaintiff can perform fine manipulations with his hands; and (5) Plaintiff is not limited to the performance of simple routine work where required

interactions with others is minimal.[3] See Tr. 61, Finding No. 6; Tr. 81, Finding No. 6. In each of these instances, however, ALJ Kemper cited evidence of improvement in Plaintiff's condition in support of his conclusions.

First, ALJ Kemper observed that the previous restrictions imposed upon Plaintiff's ability to sit, stand, and squat for any length of time were based upon Plaintiff's subjective complaints to his physician, Dr. Ira Potter, during an examination in 1996. (Tr. 24.) However, in evaluating Plaintiff's RFC, ALJ Kemper referenced Plaintiff's more recent physical examination by Dr. David Weber in April 2002, which indicated that Plaintiff's "straight leg raising tests were negative" and that he "had full range of motion of the cervical and lumbar spine." (Tr. 24) (citing Exhibit D-15F.) Dr. Weber also observed that Plaintiff "could stand on his heels and toes, perform heel-to-shin tests, and walk tandemly," and "could perform a knee squat to 100%." (Tr. 291.) Furthermore, ALJ Kemper noted that the state agency medical expert reviewed Plaintiff's medical records and concluded that Plaintiff could perform medium work. (Id.) (citing Exhibit D-16F.) In spite of the state agent's expert opinion, the ALJ gave Plaintiff the "benefit of the doubt" and concluded that he could

---

[3] It should be noted that ALJ Kemper did not summarily weaken the restrictions imposed by the previous ALJ. ALJ Kemper also strengthened the previous ALJ's limitations on Plaintiff's ability to climb, concluding that Plaintiff should never climb ladders, ropes, or scaffolds. (Tr. 26, Finding No. 6.) The previous ALJ permitted Plaintiff to engage in this activity occasionally. (Tr. 81, Finding No. 6.)

perform light work only. (Id.) Thus, in accordance with Drummond, the ALJ cited evidence indicating improvement in Plaintiff's back condition to support his conclusion that the restrictions imposed by the previous ALJ on Plaintiff's stand/sit intervals and frequency of squatting were no longer applicable.

The previous ALJ also concluded that Plaintiff should avoid exposure to dust and fumes so as not to aggravate his respiratory condition. (Tr. 79.) ALJ Kemper considered this restriction, but rejected it based in part on Dr. Weber's April 2002 examination. (Tr. 20.) Dr. Weber reported that Plaintiff's lungs were clear. (Tr. 288.) The ALJ also referenced the results of the pulmonary function testing conducted on May 24, 2001, which were normal. (Tr. 20.) Moreover, Plaintiff testified during the May 2003, administrative hearing that he only uses an inhaler occasionally to treat his breathing difficulties. (Tr. 412.) Likewise, ALJ Kemper further determined that there was no need to limit Plaintiff's use of his hands per the previous ALJ's conclusions. Dr. Weber's exam revealed that Plaintiff had full range of motion of all four fingers and his thumb with appropriate grip and motor strength. (Tr. 289, 291.) Again, in compliance with Drummond, the ALJ's refusal to adhere to the restrictions imposed by the previous ALJ is supported by medical evidence indicating improvement in Plaintiff's conditions.

Finally, ALJ Kemper neither concluded that Plaintiff's depression and anxiety

were severe impairments, nor imposed limitations on his ability to work with others. (Tr. 21.)  In his administrative decision, ALJ Kemper noted that the previous ALJ determined that Plaintiff's mental health impairments were severe. (Id.)  However, ALJ Kemper referenced evidence from Plaintiff's treatment records at Mountain Comprehensive Care Centers demonstrating improvement in his condition. (Id.)  For instance, ALJ Kemper noted that Plaintiff reported improvement in his sleep, memory and concentration after beginning psychotropic medication. (Id.) (citing Exhibit D-32F.)  The treatment notes also indicated that Plaintiff reported emotional improvement, noting that the medication was helping him "feel better." (Tr. 366.) Thus, the progress notes demonstrate Plaintiff's mental health condition had improved and, as such, ALJ Kemper was not bound by the March 2002 administrative findings.

Plaintiff bears the burden on appeal to the district court to show that the administrative decision was in error. Scharlow v. Schweiker, 655 F.2d 645, 648 (5th Cir. Unit A Sept. 1981); Brooks v. Sullivan, 766 F.Supp. 584, 588 (N.D. Ill. 1991). This burden on appeal stems from the overall burden Plaintiff bears to prove disability at all stages of the administrative proceedings. Scharlow, 655 F.2d at 648; Brooks, 766 F.Supp. at 588; see 20 C.F.R. 404.1512(a)(c); see also 42 U.S.C. 405(g).

Because Plaintiff bears the burden on appeal to show that the administrative

9

decision was erroneous, general allegations of error will not support a claim that an ALJ's decision is unsupported by substantial evidence. Pugh v. Sec'y of Health, Educ. & Welfare, 448 F.Supp. 37, 41 (D. Kan. 1978). In this case, Plaintiff does not dispute the medical conclusions offered by Dr. Weber; he only challenges the ALJ's refusal to impose the exact restrictions levied by the previous ALJ's administrative decision. (Record No. 4, pp. 3-6.) As the Commissioner observes, even if ALJ Kemper had adopted the previous administrative findings verbatim, Plaintiff would still be found not disabled as the prior ALJ concluded that Plaintiff was capable of performing a significant range of light work. (Tr. 81, Finding No. 11.) Finally, Plaintiff fails to cite any evidence demonstrating a deterioration in his condition or that he suffers from additional maladies that were not taken into consideration. (See Record No. 4, pp. 3-6.) Plaintiff thus having failed to satisfy his burden of showing that the ALJ committed any error under applicable law, it shall be recommended that the decision of the Commissioner on this sole issue raised by Plaintiff be affirmed.

## IV. CONCLUSION

Therefore, for the reasons set forth above, it is recommended that: the Defendant Commissioner's motion for summary judgment (Record No. 5) be granted; Plaintiff's motion for summary judgment (Record No. 4) be denied; Judgment be entered affirming the Commissioner's decision and dismissing this action with

prejudice; and, that this action be stricken from the court's docket.

Specific objections to this Report and Recommendation must be filed within ten (10) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting, Inc. 236 F.Supp.2d 737, 749-750 (E.D. Ky. 2002). General objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within ten (10) days after being served a copy thereof. 28 U.S.C. § 636(b)(1)(C); Rule 72(b), Fed. R. Civ. P.

Signed April 7, 2005.



Signed By:
Peggy E. Patterson PEP
United States Magistrate Judge

Date of Entry and Service: